UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ADAM KNUDSEN,

                Petitioner,

    v.

PENELOPE SAPP,

                Respondent.

CASE NO. 3:25-cv-05704-KKE-DWC

ORDER TO SHOW CAUSE

This action has been referred to United States Magistrate Judge David W. Christel. Petitioner Adam Knudsen, proceeding *pro se*, initiated this action by filing a federal habeas petition pursuant to 28 U.S.C. § 2241. Dkt. 4. The filing fee has been paid. *See docket.* Having reviewed the petition, the Court concludes Petitioner's claims for federal habeas relief are barred based on the *Younger* abstention doctrine and his failure to exhaust his state court remedies. Therefore, Petitioner is directed to show cause on or before October 16, 2025, why this action should not be dismissed.

## I. BACKGROUND

Petitioner, a pretrial detainee at Kitsap County Jail, alleges his detention pursuant to an ongoing state court prosecution is unlawful because (1) he has been denied effective assistance

ORDER TO SHOW CAUSE - 1

of counsel and is being "forced" to proceed *pro se*, (2) he was detained "mid-trial for alleged release conditions violations without warrant, affidavit, charges, or probable cause hearing," and (3) his state court prosecution is intended to suppress, retaliate, and interfere with his "Federal Whistleblower disclosures." Dkt. 4 at 2–3. Petitioner states he has not exhausted state court remedies on these claims and alleges the requirement should be waived in his case. *Id.* at 3.

## II. SCREENING STANDARD

Under Rule 4 of the Rules Governing § 2254 cases ("Habeas Rules"),[1] the Court is required to perform a preliminary review of a habeas petition. Rule 4 specifically directs the Court to dismiss a habeas petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Dismissal under Rule 4 "is required on procedural grounds, such as failure to exhaust or untimeliness, or on substantive grounds where the claims are 'vague,' 'conclusory,' 'palpably' incredible,' or 'patently frivolous or false.'" *Neiss v. Bludworth*, 114 F.4th 1038 (9th Cir. 2024) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75–76 (1977)). Before dismissing a petition under Rule 4, however, district courts must provide habeas petitioners notice of the grounds for dismissal and an opportunity to be heard. *See Race v. Salmonsen*, 131 F.4th 792, 794 (9th Cir. 2025).

## III. DISCUSSION

Upon review, the Court concludes that federal adjudication of the petition is barred by the abstention doctrine established in *Younger v. Harris*, 401 U.S. 37, 43–54 (1971). Under *Younger*, abstention from interference with pending state judicial proceedings is appropriate when: "(1) there is 'an ongoing state judicial proceeding'; (2) the proceeding 'implicate[s] important state

---

[1] The Habeas Rules are applicable to § 2241 petitions under Rule 1(b), which states "[t]he district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)."

ORDER TO SHOW CAUSE - 2

interests'; (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges'; and (4) the requested relief 'seek[s] to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (quoting *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014)). Federal courts, however, do not invoke the *Younger* abstention if there is a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex Cty Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).

All of the *Younger* criteria are satisfied here. First, Petitioner is a pre-trial detainee with ongoing state proceedings. Second, as these proceedings involve a criminal prosecution, they implicate important state interests. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986); *Younger*, 401 U.S. at 43–44. Third, Petitioner has failed to allege facts showing he has been denied an adequate opportunity to address the alleged constitutional violations in his state court proceedings. Fourth, Petitioner requests, among other things, immediate release from state-detention and an order enjoining his state-court proceedings pending federal review. Dkt. 4 at 4. If this Court were to conclude that Petitioner was entitled his requested relief, it would enjoin and/or have the practical effect of enjoining Petitioner's ongoing proceedings in the Washington State courts. Finally, Petitioner has not shown bad faith, harassment, or some other extraordinary circumstance making federal abstention inappropriate in his case.

On this last point, Petitioner alleges his state court prosecution is a "deliberate obstruction of justice" and "reflects a pattern of abuse" related to Petitioner's participation in a "pending" *qui tam* action. Dkt. 4 at 1, 3. But the *qui tam* action cited in the petition was dismissed on October 23, 2019, following a notice of voluntary dismissal filed by Petitioner and consented to by the United States. *See United States of America v. KBR, INC*, 4:18-cv-04230-SLD-JEH, Dkts.

ORDER TO SHOW CAUSE - 3

9, 10 (C.D. Ill. Oct. 23, 2019).[2] Petitioner moved to reopen the action in October 2020, and his motion was denied on June 3, 2021. *Id.* at Dkts. 11, 14. No further docket activity is reflected in that closed case. *Id.* Thus, Petitioner's allegations concerning a *qui tam* action that was closed over five years ago do not warrant federal intervention in his ongoing state court prosecution at this time. Therefore, *Younger* abstention appears to apply in this case, and Petitioner must show cause why his petition is not subject to dismissal on that ground.

The petition is also deficient because Petitioner has failed to show exhaustion of available state court remedies. Dkt. 4. "[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his Petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971). A petitioner's claim will be considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Although there is no exhaustion requirement mandated by 28 U.S.C. § 2241(c)(3), the Ninth Circuit Court of Appeals has held exhaustion is necessary as a matter of comity unless special circumstances warrant federal intervention prior to a state criminal trial. *Carden v. State of Mont.*, 626 F.2d 82, 83–84 (9th Cir. 1980); *see also Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489–92 (1973) (holding that pretrial detainee in state custody must

---

[2] The Court may take judicial notice of court filings and other matters of public record specifically referenced in and related to the petition. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n. 6 (9th Cir. 2006) (citing *Burbank–Glendale–Pasadena Airport Auth. v. City of Burbank,* 136 F.3d 1360, 1364 (9th Cir. 1998)).

ORDER TO SHOW CAUSE - 4

exhaust available state court remedies for federal court to consider detainee's constitutional claims).

Here, Petitioner fails to show that he exhausted his state court remedies by presenting his claims for a complete round of review in the Washington state courts. Instead, Petitioner contends the "emergency nature of my detention and link to Federal Litigation" make exhaustion of state remedies "impractical and futile." Dkt. 4 at 3. The alleged "link" between Petitioner's ongoing criminal proceedings and a closed federal action is not a special circumstance warranting federal intervention before Petitioner has exhausted his available state court remedies. Therefore, it appears the petition is unexhausted and Petitioner must show cause why this action is not subject to dismissal on that ground.

Accordingly, if Petitioner intends to proceed in this action, he must show cause why the petition should not be dismissed under the *Younger* abstention doctrine and for failure to exhaust his state court remedies. *See Smith v. Cty. of Santa Clara*, 223 F. App'x 701, 702 (9th Cir. 2007) (holding that, under *Younger*, a pretrial detainees must raise ineffective assistance of counsel claims in his ongoing criminal proceeding, not in a separate federal action); *Rayner v. City of Louisville Metro*, No. CIV A 3:09-CV-P488-M, 2009 WL 2382434 (W.D. Ky. July 30, 2009) (applying *Younger* abstention to ineffective assistance of counsel claim alleging criminal defendant was "forced" to undertake self-representation in ongoing prosecution) (citing *Leveye v. Metro. Pub. Def.'s Off.*, 73 F. App'x 792, 794 (6th Cir. 2003); *Ser v. Seabock*, No. 2:22-cv-01882-RFB-VCF, 2022 WL 17543305, at *1 (D. Nev. Nov. 18, 2022) (dismissing pretrial detainee's federal habeas petition alleging, among other things, denial of timely and reasonable bail hearing for failure to exhaust state court remedies).

## IV. INSTRUCTIONS TO PETITIONER

For the reasons set forth above, the Court declines to direct service of the petition in accordance with Rule 4 of the Habeas Rules. Instead, Petitioner must show cause why the petition should not be dismissed under the *Younger* abstention doctrine and for failure to exhaust available state court remedies. Failure to respond to this order or adequately address the issues addressed herein by October 16, 2025, will result in a recommendation this action be dismissed.

Dated this 15th day of September, 2025.

David W. Christel
United States Magistrate Judge

ORDER TO SHOW CAUSE - 6